## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3: 20-CR-262 |
| | : | |
| v. | : | (JUDGE MARIANI) |
| | : | |
| TYLEE BROWN, | : | (filed electronically) |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 2 of

   the Indictment, which charges the defendant with a violation of

   Title 21, United States Code, §§ 841(a)(1) and 841(b)(1(A),

   possession with intent to distribute more than 500 grams of

   methamphetamine, a Schedule II controlled substance. The

   maximum penalty for that offense is imprisonment for a period

   of life, a fine of $10,000,000, a term of supervised release of at

least 5 years and up to life, which shall be served at the

conclusion of, and in addition to, any term of imprisonment, as

well as the costs of prosecution, imprisonment, probation, or

supervised release ordered, denial of certain federal benefits,

and an assessment in the amount of $100. At the time the

guilty plea is entered, the defendant shall admit to the Court

that the defendant is, in fact, guilty of the offenses charged in

those counts. After sentencing, the United States will move for

dismissal of any remaining counts of the Indictment. The

defendant agrees, however, that the United States may, at its

sole election, reinstate any dismissed charges, or seek additional

charges, in the event that any guilty plea entered or sentence

imposed pursuant to this Agreement is subsequently vacated,

set aside, or invalidated by any court. The defendant further

agrees to waive any defenses to reinstatement of any charges, or

to the filing of additional charges, based upon laches, the

assertion of speedy trial rights, any applicable statute of

limitations, or any other ground. The calculation of time under

2

the Speedy Trial Act for when trial must commence is tolled as
of the date of the defendant's signing of this Agreement, until
either (a) the defendant pleads guilty; or (b) a new date is set by
the Court for commencement of trial.

2.  **Mandatory Minimum Sentence.  Count 2 carries a mandatory
    minimum period of imprisonment of 10 years.**

3.  Term of Supervised Release.   The defendant understands that
    the Court must impose at least a five-year term of supervised
    release in addition to any term of imprisonment, fine or
    assessment involving this violation of the Controlled Substances
    Act.  The defendant also understands that the Court may
    impose a term of supervised release following any sentence of
    imprisonment exceeding one year, or when required by statute.
    The Court may require a term of supervised release in any other
    case.  In addition, the defendant understands that as a
    condition of any term of supervised release or probation, the
    Court must order that the defendant cooperate in the collection

3

of a DNA sample if the collection of a sample is so authorized by law.

4.   No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.  Fines and Assessments

5.   Fine.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

4

6.  <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.  <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

5

8.  Special Assessment. The defendant understands that the Court
    will impose a special assessment of $100, pursuant to the
    provisions of Title 18, United States Code, § 3013. No later
    than the date of sentencing, the defendant or defendant's
    counsel shall mail a check in payment of the special assessment
    directly to the Clerk, United States District Court, Middle
    District of Pennsylvania. If the defendant intentionally fails to
    make this payment, that failure may be treated as a breach of
    this Plea Agreement and may result in further prosecution, the
    filing of additional criminal charges, or a contempt citation.

9.  Collection of Financial Obligations. In order to facilitate the
    collection of financial obligations imposed in connection with
    this case, the defendant consents and agrees:

    a.  to fully disclose all assets in which the defendant has an
        interest or over which the defendant has control, directly or
        indirectly, including those held by a spouse, nominee, or
        other third party;

6

b.  to submit to interviews by the Government regarding the
    defendant's financial status;

c.  to submit a complete, accurate, and truthful financial
    statement, on the form provided by the Government, to the
    United States Attorney's Office no later than 14 days
    following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact
    by and communication with the Government, and to waive
    any prohibition against communication with a represented
    party by the Government regarding the defendant's
    financial status;

e.  to authorize the Government to obtain the defendant's
    credit reports in order to evaluate the defendant's ability to
    satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the
    Probation Office as directed, and to the sharing of financial
    information between the Government and the Probation
    Office.

7

## C. **Sentencing Guidelines Calculation**

10. Determination of Sentencing Guidelines.  The defendant and
    counsel for both parties agree that the United States Sentencing
    Commission Guidelines, which took effect on November 1, 1987,
    and its amendments (the "Sentencing Guidelines"), will apply to
    the offense or offenses to which the defendant is pleading guilty.
    The defendant understands that the Sentencing Guidelines are
    advisory and not binding on the Court.  The defendant further
    agrees that any legal and factual issues relating to the
    application of the Sentencing Guidelines to the defendant's
    conduct, including facts to support any specific offense
    characteristic or other enhancement or adjustment and the
    appropriate sentence within the statutory maximums provided
    for by law, will be determined by the Court after briefing, a pre-
    sentence hearing, or a sentencing hearing.

11. Acceptance of Responsibility– Two/Three Levels.  If the
    defendant can adequately demonstrate recognition and
    affirmative acceptance of responsibility to the Government as

8

required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

**(a) at least 1.5 kilograms but less than 5 kilograms of methamphetamine are attributable to the defendant for the purposes of sentencing.  (b) The parties will recommend that the Court impose a sentence within a sentencing range of 180 months to 240 months.  The defendant reserves the right to ask for a sentence on the low end of this recommended guideline range and the government reserves the right to ask for a sentence at the high end of this guideline range.**

9

(c) Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct.

The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

**D.   <u>Sentencing Recommendation</u>**

13. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a

10

sentence up to and including the maximum sentence of
imprisonment and fine allowable, together with the cost of
prosecution.

14. <u>Special Conditions of Probation/Supervised Release</u>.  If
probation or a term of supervised release is ordered, the United
States may recommend that the Court impose one or more
special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or
other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment
of which shall be in accordance with a schedule to be
determined by the Court.

c.  The defendant pay any fine imposed in accordance with a
schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit
charges or opening additional lines of credit without
approval of the Probation Office unless the defendant is in
compliance with the payment schedule.

11

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

12

m.  The defendant be directed to pay any state or federal taxes
and file any and all state and federal tax returns as
required by law.

15.  **Conditional Plea.  Pursuant to Rule 11(a)(2) of the Federal
Rules of Criminal Procedure, with the approval of the Court and
the consent of the Government, the defendant enters a
conditional plea of guilty to the charge described above while
reserving the right on appeal to review the adverse
determination of his pretrial motions including the following: (a)
Motion to Suppress Evidence (Doc. #113) – Denied by
Memorandum and Order (Docs. #141 and #142).
The parties acknowledge that the defendant shall be allowed to
withdraw any plea of guilty entered pursuant to this Agreement
if the defendant prevails on the appeal of that adverse
determination.**

16.  <u>Destruction Order/Waivers.</u>  The defendant further agrees,
should the United States deem it appropriate, to the destruction
of the items seized during the course of the investigation.  The

13

defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order. The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

14

## E. Victims' Rights and Restitution

17. Victims' Rights. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

   a. The right to be reasonably protected from the accused;

   b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

   c. The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

   d. The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victims'

15

comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f. The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g. The right to proceedings free from unreasonable delay; and

16

h.   The right to be treated with fairness and with respect for
the victim's dignity and privacy.

18. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the
Mandatory Restitution Act of April 24, 1996, Title 18, United
States Code, § 3663A, the Court is required in all instances to
order full restitution to all victims for the losses those victims
have suffered as a result of the defendant's conduct.  The
defendant also agrees that the Government will seek and the
Court may impose an order of restitution as to victims of the
defendant's relevant conduct.  With respect to the payment of
restitution, the defendant further agrees that, as part of the
sentence in this matter, the defendant shall be responsible for
making payment of restitution in full, unless the defendant can
demonstrate to the satisfaction of the Court that the defendant's
economic circumstances do not allow for the payment of full
restitution in the foreseeable future, in which case the
defendant will be required to make partial restitution
payments.  In addition to the schedule of payments that may be

17

established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole

18

election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands that the amount of restitution

19

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

F.  **Information Provided to Court and Probation Office**

19.  Background Information for Probation Office.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

20.  Objections to Pre-Sentence Report.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, applicable Sentencing

Guidelines ranges, and policy statements contained in or

omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

21. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information

about the defendant's background, character and conduct,
including the conduct that is the subject of the charges that the
United States has agreed to dismiss, and the nature and extent
of the defendant's cooperation, if any. The United States will be
entitled to bring to the Court's attention and the Court will be
entitled to consider any failure by the defendant to fulfill any
obligation under this Agreement.

22. <u>Non-Limitation on Government's Response</u>. Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant. Nor does this Agreement in any way
restrict the Government in responding to any request by the
Court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the
defendant's conduct, including but not limited to, requests for
information concerning possible sentencing departures.

## G.  Court Not Bound by Plea Agreement

23.  Court Not Bound by Terms.  The defendant understands that
the Court is not a party to and is not bound by this Agreement,
or by any recommendations made by the parties.  Thus, the
Court is free to impose upon the defendant any sentence up to
and including the maximum sentence of imprisonment for life, a
fine of $10,000,000, a maximum term of supervised release of up
to life, which shall be served at the conclusion of and in addition
to any term of imprisonment, the costs of prosecution, denial of
certain federal benefits, and assessments totaling $100.

24.  No Withdrawal of Plea Based on Sentence or Recommendations.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

23

## H.  Breach of Plea Agreement by Defendant

25. Breach of Agreement.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a
preponderance of the evidence.  In order to establish any breach
by the defendant, the United States is entitled to rely on
statements and evidence given by the defendant during the
cooperation phase of this Agreement, if any.

26. Remedies for Breach.  The defendant and the United States
agree that in the event the Court concludes that the defendant
has breached the Agreement:

24

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

25

27. Violation of Law While Plea or Sentence Pending. The

   defendant understands that it is a condition of this Agreement

   that the defendant refrain from any further violations of state,

   local, or federal law while awaiting plea and sentencing. The

   defendant acknowledges and agrees that if the Government

   receives information that the defendant has committed new

   crimes while awaiting plea or sentencing in this case, the

   Government may petition the Court and, if the Court finds by a

   preponderance of the evidence that the defendant has

   committed any other criminal offense while awaiting plea or

   sentencing, the Government shall be free at its sole election to

   either: (a) withdraw from this Agreement; or (b) make any

   sentencing recommendations to the Court that it deems

   appropriate. The defendant further understands and agrees

   that, if the Court finds that the defendant has committed any

   other offense while awaiting plea or sentencing, the defendant

   will not be permitted to withdraw any guilty pleas tendered

   pursuant to this Agreement, and the government will be

26

permitted to bring any additional charges that it may have
against the defendant.

## I.   Deportation

28. <u>Deportation/Removal from the United States</u>.  The defendant
understands that, if defendant is not a United States citizen,
deportation/removal from the United States is a consequence of
this plea.  The defendant further agrees that this matter has
been discussed with counsel who has explained the immigration
consequences of this plea.  The defendant still desires to enter
into this plea after having been so advised.

## J.   Other Provisions

29. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

30. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently

27

known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

31. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

32. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this

28

Agreement and supersedes all prior understandings or plea

offers, whether written or oral.  This agreement cannot be

modified other than in writing that is signed by all parties or on

the record in court.  No other promises or inducements have

been or will be made to the defendant in connection with this

case, nor have any predictions or threats been made in

connection with this plea.  Pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the defendant certifies that the

defendant's plea is knowing and voluntary, and is not the result

of force or threats or promises apart from those promises set

forth in this Agreement.

33. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and

other trial and appellate rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

34. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., **September 20, 2023**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

sept 11, 23
Date

TYLEE BROWN
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9/11/2023
Date

CARL J. POVEROMO
Counsel for Defendant

GERARD M. KARAM
United States Attorney

9/11/2023
Date

By:

ROBERT J. O'HARA
Assistant United States Attorney

AUSA/RJO/2020-R-189/August 15, 2023
VERSION DATE: March 8, 2021

31